FILED
U.S. DISTRICT COURT
BR...
2008 NOV -4 A 10: 38
R. Ask

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

STEPHEN MARK HALL,

    Plaintiff,

vs.

JAY BROWER,

    Defendant.

CIVIL ACTION NO.: CV608-083

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Valdosta State Prison in Valdosta, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting events which allegedly occurred in Statesboro, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends he was arrested for assault with a deadly weapon and attempted robbery with a dangerous weapon. Plaintiff asserts he was released from the custody of the North Carolina Department of Corrections and went to his parents' home in Georgia. Plaintiff states Defendant Jay Bower, a parole officer in Statesboro, Georgia, arrested him without a warrant or probable cause on March 8, 2002. Plaintiff contends that, while he was still on parole, Defendant Bower had him classified as a sex offender and that he is not a sex offender. Plaintiff also contends Defendant Bower perjured herself in front of the parole board.

"[A] prisoner who has not been convicted of a sex offense is entitled to due process before the state declares him to be a sex offender; 'the stigmatizing effect of being classified as a sex offender constitutes a deprivation of liberty under the Due

Process Clause.'" Kramer v. Donald, 2008 WL 2766146, at *2 (11th Cir. July 17, 2008) (quoting Kirby v. Siegelman, 195 F.3d 1285, 1292 (11th Cir. 1999)). However, "constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). In Georgia, where the alleged wrongs occurred, the governing limitations period is two years. O.C.G.A. § 9-3-33; Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006).

As the events Plaintiff describes occurred in 2002, and he filed his Complaint on or about August 16, 2008, Plaintiff's Complaint is barred by the statute of limitations applicable to section 1983 causes of action.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** due to Plaintiff's failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this ___4th___ day of November, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE